IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.   Case Nos.:   4:12cr3/RH/CAS
   4:16cv492/RH/CAS

LATOSHA DAWN GLOVER,
    Defendant.

___

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 351), to which the Government has responded.  (ECF No. 372).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be denied as moot.  Alternatively, it should be denied, without an evidentiary hearing, as without merit.

BACKGROUND and ANALYSIS

On January 17, 2012, Defendant Latosha Dawn Glover was charged in a lengthy indictment with conspiracy to defraud the Government in violation of 18 U.S.C. § 286.  (ECF No. 1).  The conspiracy involved the filing of fraudulent tax returns.  Ms. Glover was not charged in the other 117 counts.  She pleaded guilty on March 22, 2012 pursuant to a written plea agreement.  (ECF Nos. 112-115).  The applicable guidelines range was 84 to 105 months, and the statutory maximum term of imprisonment was ten years.  (ECF No. 156, PSR ¶ 27 ¶¶ 87-88).  On June 25, 2012, the court sentenced Defendant to a below guidelines term of 66 months imprisonment.  (ECF Nos. 194, 207, 208).  Defendant appealed, arguing that her sentence was substantively and procedurally unreasonable.  The Eleventh Circuit affirmed her sentence.  Bureau of Prisons records reflect that Defendant was released from custody on May 3, 2017. https://www.bop.gov/inmateloc/.

Defendant filed the instant motion to vacate pursuant to the prison mailbox rule on August 1, 2016.  (ECF No. 351 at 12).  The lone ground for relief is Defendant's claim that she is entitled to a sentence reduction pursuant to Amendment 794 to the United States Sentencing Guidelines.

Case Nos.: 4:12cr3/RH/CAS; 4:16cv492/RH/CAS

In light of Defendant's release from prison, and the fact that she challenges her sentence only, rather than her conviction, her motion is moot. Even if it were not moot, her claim is factually without merit, as well as untimely.

Section 3B1.2 of the Sentencing Guidelines provides for an adjustment in a defendant's offense level if the defendant was a minimal or minor participant in the offense conduct. The adjustment is available to a defendant who plays "a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment (n.3(A)). Amendment 794, effective in November of 2015, provided additional guidance to sentencing courts to assist them in determining whether a mitigating adjustment should apply.

Amendment 794 is a clarifying amendment that resulted in no change to the substantive law. It left the text of § 3B1.2 unchanged and merely "clarified the factors to consider for a minor role adjustment" by revising the commentary. *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016); *United States v. Gomez*, 828 F.3d 324, 328 (5th Cir. 2016); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015). The Eleventh Circuit recognized that Amendment 794 contains the "non-

exhaustive list of factors" that a court should weigh in assessing the propriety of a role adjustment, which factors it had already delineated in a prior opinion. *Cruickshank*, 837 F.3d at 1184 (*citing United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1995)).

The facts of this case would not support a minor role adjustment if Defendant were resentenced today. As noted by the Eleventh Circuit:

> Glover participated in an extensive fraud ring in which the members obtained identification information, electronically filed tax returns, and opened checking accounts at banks to receive the fraudulently obtained tax refunds. As part of this scheme, Glover: (1) supplied her sister, the ringleader of the conspiracy, with names and social security numbers with which to file false tax returns; (2) copies identification information into notebooks and added fictitious e-mail addresses to facilitate electronic filing; and (3) prepared false tax returns using the information from the notebooks.
> In 2011, Glover and her sister filed 211 fraudulent tax returns, claiming $1,136,888.00 and the IRS issued them $326,149.00 in refunds. These tax returns involved the identities of 176 individuals who died in 2010. The deceased individuals' identities were obtained via the website ancestry.com, which afforded access to the Social Security Death Index, and the fraudulent tax returns were filed in close proximity to the individuals' deaths to help conceal the fraud.
> In addition, Glover filed fraudulent tax returns in 2008, 2009, and 2010 in her own name, for a total fraudulent tax refund of $20,937.00.

(ECF No. 287 at 6-7). Thus, the § 2255 motion should be denied and dismissed.

Case Nos.: 4:12cr3/RH/CAS; 4:16cv492/RH/CAS

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 4:12cr3/RH/CAS; 4:16cv492/RH/CAS

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence (ECF No. 351) be **DENIED as moot**, or alternatively **DENIED as without merit**.

2.   A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 23rd day of February, 2018.


s/ Charles A. Stampelos
 **CHARLES A. STAMPELOS**
 **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.