## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASES NO. 4:12cr3-RH/CAS
                                                                    4:16cv492-RH/CAS

LATOSHA DAWN GLOVER,

       Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant Latosha Dawn Glover has moved under 28 U.S.C. § 2255 for relief from her judgment of conviction based on United States Sentencing Guidelines Amendment 794. That amendment clarifies the "minor role" that entitles a defendant to a reduction in the offense level. The 2255 motion is before the court on the magistrate judge's report and recommendation, ECF No. 382. No objections have been filed.

The report and recommendation correctly concludes that the 2255 motion is moot because Ms. Glover asks only to shorten the imprisonment portion of her sentence. She has already served the entire term of imprisonment. The report and recommendation also correctly concludes that Amendment 794 would not change

Ms. Glover's sentence even if applied retroactively; she did not have a minor role in the offense of conviction.

In addition, Ms. Glover would not be entitled to relief, even if she was still in the Bureau of Prisons and Amendment 794 would change her guideline range. Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed," subject to specific exceptions. The only exception dealing with guideline amendments provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

*Id.* § 3582(c)(2) (emphasis added).

The "applicable policy statements issued by the Sentencing Commission," within the meaning of § 3582(c)(2), are set out in *United States Sentencing Guidelines Manual* § 1B1.10. That section lists the amendments that may be applied retroactively—that is, the amendments under which a court may reduce a sentence that has already been imposed.

The Commission has not added Amendment 794 to the list of retroactive amendments. A court thus may not reduce a sentence under Amendment 794. *See United States v. Spruill*, 697 Fed. App'x 649 (11th Cir. 2017) (unpublished).

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Ms. Glover has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The motion for relief under 28 U.S.C. § 2255, ECF No. 351, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on March 30, 2018.

s/Robert L. Hinkle_____
United States District Judge
